Final Disposition of Contempt Hearing
I Background
The Appellate Court issued a Final Decision on April 20, 2009. The decision of the Oneida Gaming Commission was reversed. The Oneida Gaming Commission was ordered to grant Mr. Somers a gaming license within 10 business days of receiving the decision. “Upon the reissuance of his gaming license Mr. Somers will be reinstated to his former position as the Director of the Security Department at the Oneida Bingo & Casino. It was further ordered: that Mr. Somers shall be made whole of all wages, benefits, bonuses, and merit increases denied him since his most recent termination on December 13, 2007. Mr. Somers shall be reimbursed reasonable expenses resulting from this current litigation since December 13, 2007 to date of this decision as follows. Pursuant to Rule 18(E), of the Rules of Civil Procedure, reimbursement shall include filing fees and copying fees dating back to the beginning of this case and since the final decision to reinstate Mr. Somers rendered by the Oneida Personnel Commission in October of 2005. There shall not be an award of attorney fees case Somers v. Oneida Police Dept. Docket No. 06-AC-009.”
*248 The decision further states: “Even allowing for unforeseen events, the process of re-issuance of a gaming license and reinstatement shall not take any longer than forty five (45) calendar days from the receipt of this decision. Should this process take longer than forty five (45) calendar days this decision will serve as notice of the Hearing date for Contempt which will be held on June 8.2009 at 9:00 a.m. in the court room of the Oneida Tribal Judicial System, located at 3759 W. Mason St. Oneida, Wisconsin.
The parties shall report to the Court when the order has been complied with.”
If the status report has not been filed that details the resolution of the matter and/or the matter has not been resolved to the Courts satisfaction, a contempt hearing will be scheduled.
At a contempt hearing the parties must show cause as to why the status report and/or the decision/order was not complied with. At this hearing, the Court may grant an extension if extenuating circumstances are found, impose penalties or costs for non-compliance, or any other action the Oneida Tribal Judicial System deems appropriate, per Rule 21 of Rules of Appellate Procedure.
This Appellate Court would like to highlight the importance of any tribal entity adhering to the decisions made by this Court. Resolution 8-19-91-A, which created the Oneida Tribal Judicial System was passed and formally adopted by the Oneida General Tribal Council to enhance and protect the self-governance and sovereignty of the Oneida Tribe. In addition, the Resolution was aimed at providing consistent procedures of law/rule making and due process throughout the Oneida Nation.
II Issues
Was the Contempt hearing scheduled for June 8, 2009 correctly cancelled?
Ill Analysis
This case, and how the parties handled this process, has led to some thoughts and concerns about how this process was handled by the parties involved. The Court’s directive to the Oneida Gaming Commission was “to grant Mr. Owen Somers a gaming license within ten (10) business days of receiving this decision.” A second timeline of 45 calendar days was set for the remaining actions ordered by this Court.
The Oneida Gaming Commission took no licensing action within the ordered 10 business day timeline. Instead they filed a Motion to Dismiss for Lack of Jurisdiction, or in the Alternative, to Reconsider Final Decision. However, a work permit was ultimately reissued prior to the scheduled contempt hearing.
On Friday, June 5, 2009 at 4:12 pm the Oneida Police Chief e-mailed to this Court copies of his memo dated June 5, 2009, to the Security Department and documents pertaining to Mr. Somers return to work on June 8, 2009. There has been no report on the directive that Mr. Somers shall be made whole of all wage, benefits, bonuses, and merit increases ... reimbursed reasonable expenses ...
A contempt hearing was scheduled to be held on the 45th day from receipt of the decision, if the parties did not comply with the decision. The Court gave the parties 45 days to complete the order of the Court.
In the matter of Somers v. Oneida Police Department Chief of Police and Oneida Gaming Commission, the Court would like to stress the importance of a Tribal entity adhering to the decision made by this Court.
The Oneida Tribal Judicial System is a unique and distinctive court designed for *249 and by the people of the Oneida Nation. The fundamental judicial values of fairness and impartiality are incorporated into this system and are strengthened by inherent traditional and cultural values that distinguish us as a separate and sovereign nation.
Considering the Oneida Tribal Judicial System was created with these principles and ideas in mind, the Court becomes concerned when parties do not appear in full compliance with decisions or hint towards any sign of “bad faith.” Moreover, the Court wants to adhere to clarity in its decisions, which has led to the following procedures to maintain compliance and uniformity.
1) When a decision/order by the Court has a directive that requires an action from a party, that party must file a status report with the Court within 45 calendar days if no timeline is stated in the decision. This submission must state to the Court what action was taken on the part of the party to comply with the decision/order of the Court.
If motion for reconsideration is granted per Rule 24 of Rules of Appellate Procedure, the party who is given a directive after that decision/order shall have 45 calendar days from the date to file status report.

Rule 2Jt Reconsideration (B): Reconsideration mil only be granted under the circumstances where the moving •party proves by a substantial weight of the evidence presented in the motion that there is new evidence in existence which was not considered by the appellate court and which is likely to have altered the final decision if this evidence had been introduced.

2) If the status report has not been filed that details the resolution of the matter and/or the matter has not been resolved to the Courts satisfaction, or per specified timeline in decision/order, a contempt hearing will be scheduled.
3) If a contempt hearing is necessary, the parties must show cause as to why the status report and/or the decision/order was not complied with (parties should not wait until this point and expect to be excused for non-compliance if they have had difficulty satisfying the conditions of the decision/order). At this hearing, the Court may grant an extension if extenuating circumstances are present, impose penalties and/or costs for non-compliance, or any other action the Oneida Tribal Judicial System deems appropriate, per Rule 21 of Rules of Appellate Procedure and Rule 1.10-l(e) of the Administrative Procedures Act.
4) Parties should pay extra attention to Rule 21 of Rules of Appellate Procedure, which includes such items as frivolous claims, delay, and non-compliance with Rules. In the Court’s continued efforts to adjudicate matters fairly and efficiently, the Court reminds parties that handling matters with anything but “good faith” efforts could result in penalties, awarding of attorneys fees, damages, or other appropriate actions.
Finally, the Oneida Tribal Judicial System makes every effort to treat all parties fairly under the rules and laws that, we as a sovereign Tribe, have put in place to govern. However, in order for these efforts to benefit the Oneida Tribe and its people, the Court’s decisions/orders must be adhered to and receive full compliance.
Although the parties ultimately avoided a contempt hearing that was pre-scheduled in this matter for compliance, this case represents a party who did not adhere to an Order by the Court and could *250 have been found in contempt. However, instead of finding a party in contempt, the Court has chosen to offer this instructive decision, which will serve to inform future parties of the Court’s position, and point to its discontent in how the parties handled this matter.
IV Decision
The Appellate Court has chosen not to find parties in contempt. Instead this Court moves forward with a warning that any sign of “bad faith” in the future will be more closely scrutinized based on the actions involved in this case and using this order to lay out a process to follow in future eases.